IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br>JOSE A RODRIGUEZ ROSA &<br>CARMEN L ALVARADO TORRES<br><br>SSN #5821/#7557<br>Debtors | BANKRUPTCY 18-03391 ESL<br><br>CHAPTER 13 |

## CREDITOR MOTION FOR DENIAL OF DEBTORS' REQUEST TO CONTINUE AUTOMATIC STAY & §362(c)(3) MOTION at doc #06

TO THE HONORABLE COURT:

COMES NOW creditor, ALEJANDRO TORRES GARCIA through the undersigned on his behalf, who respectfully requests the Court to deny the motion filed at doc #06[1] and disallow any extension to continue the automatic stay as to debtors and their exempt property in this case as follows:

1. This case was filed on **June 15, 2018** at which time a motion at doc #06 was filed by debtors requesting an extension or continuation of the automatic stay since this debtor filed a previous case [#17-06710][2] within one year prior to the present case.[3]

2. The 5-paragraph motion at doc #06 is limited to pleading at ¶2: *"In the previous case, after filing debtor could not make monthly payments because of the reduction in income, not expected by debtor, after the passage of Hurricane Maria."* And at ¶3: *"Presently, the debtor filed a new bankruptcy petition under Chapter 13 in order to obtain the relief that offers the Bankruptcy Law. Debtors filed a new plan."* And finally, at ¶4, *"The debtor is committed to comply with the requirements of this Honorable Court and the Chapter 13 Trustee."* Refer to doc #06 at ¶¶2, 3 and 4.

3. Appearing creditor opposes granting the continuation of the automatic stay as requested by debtors at doc #06. The motion fails to minimally address the requirements found at §362(c)(3)(B) and furthermore, the subject motion does not

---

[1] On July 2, 2018 this Court at doc #16 has allowed the extension requested by this creditor at doc #15 by re-setting and re-scheduling the due date for opposition and for the hearing for July 13 and July 17 respectively.

[2] Prior case #17-06710 was filed on November 11, 2017 and dismissed on January 17, 2018.

[3] Debtors appear to have filed other prior bankruptcy cases through the years in that of # 89-03677 Chapter 13, #01-07388 Chapter 11, #05-04680 Chapter 7, #17-06710 Chapter 13 and the present case at #18-03391 Chapter 13.

comply with minimum pleading standards or with the spirit of avoiding successive cases which lack good faith and cannot evidence that they will succeed in their second case within a year with change in circumstances to their financial and personal affairs.

4. The minimum requirements under the Bankruptcy Code and at LBR 4001-5 are not met herein to allow these debtors a second opportunity at the continuance of the automatic stay in their second case.

5. The motion filed by a debtor in a second case filed after a dismissal of a prior case within one year must show that the debtor is not abusing the provisions and spirit of the Code and chapter 13. Furthermore, the motion must show by clear and convincing evidence that there has been a substantial change in the financial and personal situation of the debtor and that the case has been filed in good faith as to the creditors to be stayed.

6. If the final information contained at item #4 of Statement of Financial Affairs [SoFa] at doc #1 is considered there has in fact been no change in debtors' financial and personal situation to indicate that in all likelihood debtors will succeed in completing their case.

7. The subject motion does not persuade the creditors stayed herein that there is a reasonable prospect that these debtors will satisfactorily fund a plan and succeed in a chapter 13 and obtain a discharge.

8. The motion filed at doc #06 fails to address if there was a motion for relief from the stay pending at the time of dismissal of the prior case? LBR 4001-5. Neither does the motion at doc #06 comply with LBR 4001-5 to inform if the automatic stay in the prior case was resolved by terminating, conditioning, or limiting the stay, in the prior case at the time of dismissal?

9. Accordingly, and more importantly, the motion does not show that the case has been filed in good faith as to the creditors stayed. §362(c)(3)(B). *In re Flynn*, B.A.P. 1st Circuit (February 26, 2018) #MB 17-036, Bankruptcy Case#17-12254-MSH; *In re Bowman*, 555 B.R. 918, 921-22 (Bankr. S.D. Ga. 2016).

10. The motion does not plead or address debtors' failure in the prior case to file all schedules as required by this title without substantial excuse, or why a chapter 13 Plan was never filed in the 81 days the case was pending nor was there a motion to extend the deadlines whatsoever. §362(c)(3)(C)(II) (aa).

11. Neither does the subject motion demonstrate that there has been substantial change in the financial or personal affairs of the debtor since the dismissal of the prior case? §362(c)(3)(C)(III).

12. Furthermore, the motion filed by debtors at doc #06 is defective in that it provides an **11-day** notice to file an opposition despite the LBR 4001-5 requiring a 14-day notice. *Albeit,* the Court has cured this deficiency by its Order at doc #09.

13. Additionally, we see no certificate of service within 3 days of the filing of the motion and/or the filing of the certificate of service within 7 days, other than the certificate at the foot of the motion.

    *"Notice of service of the motion for continuation of the automatic stay shall be made to all creditors and parties in interest within 3 days from the filing of the motion and a certificate of service must be filed within 7 days.* **Failure to time file the certificate of service within 7 days the court may deny the motion for failure to provide notice.** *"* LBR 4001-5(c). (Emphasis provided).

    PRIOR CASE #17-06710 ESL

14. The prior case was filed on November 11, 2017 and was dismissed on January 17, 2018, holding creditors of that Estate at bay for 81 days, or 2 months and 20 days until the dismissal became final.

15. The §362(c)(3) motion pleads as the cause for dismissal of the prior case that "debtors could not make monthly payments because of a reduction in income, not expected by debtor, after the passage of Hurricane Maria" with not much more explanation of debtors' then lack of feasibility to reorganize, nor is there mention that no Plan was ever filed in the prior case.

16. From the financial information disclosed at item #4 SoFa we see absolutely no change in circumstances of the financial or personal affairs of these debtors. Refer to item #4 of doc #01.

17. We cannot conclude from the SoFa filed in the second case [18-03391] that Hurricane Maria negatively impacted debtors ability to fund a Plan as pled in the subject

motion, if item #4 SoFa is to be believed. Thus, without an explanation by debtors as required by §362(c)(3)(C)(III) that there be a change in financial and personal affairs of the debtors, how can the creditors that debtors pretend stayed by the automatic stay be persuaded that this second case has been filed with the intent to rehabilitate and reorganize and in good faith?

18. Additionally, in debtors' business and work with rental to third parties of its heavy equipment [2 Excavators] that was precisely purchased from and financed by appearing creditor, on information and belief there has been a bonanza for businesses like debtors during and after the immediate and long-term aftermath of Hurricanes Irma and Maria in Puerto Rico.

19. The omissions and circumstances surrounding the filing of the present case in conjunction with the prior case appear to show that both cases have been filed with no intent to reorganize or rehabilitate. Debtors have had 4 prior cases through the years and have yet to effectively rehabilitate their financial and personal affairs.[4]

20. What's more, in both cases debtors knowingly listed an incorrect address for appearing creditor in the Matrix.[5] Notwithstanding, despite not receiving notice from the Court in both cases, creditor herein became aware of the filings outside of the bankruptcy and has been able to appear at least in this, the second case.

21. Debtors' prior case was filed with incomplete schedules and no Plan. Debtors filed Schedules A/B, C and E/F n the prior case. The remaining schedules, the Plan and presumably the required §521 documentation to Trustee prior to the §341 Meeting of Creditors, were never filed. Neither do we see from the legal docket that an extension of time to file the missing Schedules, or the chapter 13 plan was ever filed.

22. The legal docket in the prior case [17-06710] shows that neither debtors, or their counsel appeared at the duly convened §341 on December 6, 2017. Nor does the legal docket show debtors appearing by motion or otherwise at the confirmation hearing on January 12, 2017. Refer to docs #12 & 14.

23. Although creditors in general are not privy to the payment history on Trustee's website for debtors, presumably debtors did not commence payments under their proposed Plan, nor did they respond in any way to the *Notice of Deficient Filing &*

---

[4] #89-03677 Chapter 13, 01-07388 Chapter 11, #05-04680 Chapter 7, 17-06710 Chapter 13 and the present case #18-03391 Chapter 13.

[5] In both **#17-06710** and in **#18-03391** the incorrect address for this creditor appears as: P.O. BOX 158 HATILLO, PR 00659. Creditor neither resides in Hatillo nor does he have a postal box in Hatillo.

*Notice of Possible Dismissal for Failure to Submit Documents* at doc #7 & #8 or file a plan during the 81 days the case was pending.

24. Neither is there any indication in the legal docket of the prior case that Trustee's *Motion to Dismiss* was ever addressed by debtors or their counsel.

### DEBTORS HAVE NOT SHOWN INTENT or CAPACITY TO SUCCESSFULLY COMPLETE THEIR SECOND CASE & OBTAIN DISCHARGE, NOR SHOWN A CHANGE IN CIRCUMSTANCES, NOR THEIR GOOD FAITH TOWARD STAYED CREDITORS

25. A comparison of both the prior case filed at **#17-06710** and the second case filed at **#18-03391** shows:
    a. Schedule A/B in the prior case did not disclose debtors' real property at Brisas de Tortuguero, #16 Calle Rio Grande, Vega Baja;
    b. Schedule A/B in the prior case did not disclose property in that of a second Excavator, a **2003 Caterpillar 320C**;[6]
    c. The Excavator listed in prior case in that of a **2003 Komatsu PC 300 LC-7** was listed at $45,000[7] in value;
    d. In the present case 7 months later, the value of the Excavator is listed at $42,000;
    e. In both cases on page 6 Part 6 at #16a debtor indicates that their debts are primarily consumer debts;
    f. In the prior case [17-06710] on page 6 Part 6 at #18 debtors indicate that their liabilities are **$90,000**;
    g. In the present case [18-03391] filed 5 months later their liabilities increased to **$201,250**. Refer to Summary Official Form 106Sum at Part 2, line #3.
    h. The second case [18-03391] shows identical annual income of $50,000 for both 2017 and 2016; the YTD shows that they should have the same $50,000 for 2018 as well if we divide the income to date, which produces approximately $4,200 monthly. Refer also to Chapter 13 Statement of CMI & Calculation of Commitment Period, Form 122 C1 & C2, the Means Test and in their Schedule I in the present case. Refer to doc #01; finally.

---

[6] Each of the previously omitted properties have been included in the present case #18-03391.

[7] Ten months prior to the first case, this same Excavator was sold to debtors for $90,000 and the second Excavator sold for $48,000 both in January of 2017.

      i. The comparison of both cases shows at an added and new creditor at $100,000 in that of Transporte Bolet Inc. allegedly incurred in "2016 to present".

26. The creditor added to their liabilities in the second case is suspect and their lack of good faith as to the creditors stayed by the second case is questionable. Additionally, if in fact the new creditor is a true creditor, its addition will definitely and negatively impact a payout to creditors to be stayed herein. The addition, will dilute and bring down the pro rata distribution to the creditors of this Estate under the proposed Plan, if confirmed.

27. In this sense there appears to be no substantial change in circumstances in the present case to overcome the bar to the continuance of the automatic stay in this debtors' second bankruptcy petition within one year.

28. The 2 back to back filings in late 2017 and in June of 2018, in conjunction with debtors' prior 4 bankruptcy filings fails and the precipitous addition of an additional and new creditor to the second case, does not inspire confidence on the part of this creditor that this second filing has been filed with a good faith intent to reorganize, to fund a Plan and obtain a discharge or that the case has been filed in good faith.

29. Admittedly, the monthly installment under the proposed Plan is substantial and if paid by the debtors in the 60 months of a confirmed Plan, would result in a high payout to the creditors of this Estate, but for the new creditor which would produce a reduced payout of almost 50% less to the stayed creditors.

30. Under the circumstances that there is limited time under the facts of this case to further plead prior to the **July 13, 2018** deadline for filing objection or opposition to the debtors §362(c)(3) motion for continuation of automatic stay,[8] leave is requested for a shortened notice for opportunity for opposition, if any to this motion of 5 days.

WHEREFORE creditor ALEJANDRO TORRES GARCIA respectfully opposes an extension of the automatic stay to debtors and their non-exempt property under §362(c)(3). Creditor prays that this Court find:

    a) That this second and successive case lacks good faith as to the stayed creditors;

---

[8] The Court's Order at docket entry #16 has reset the hearing on the §362(c)(3) motion to **July 17, 2018** if an objection is filed by **July 13, 2018**.

b) That debtors have failed to plead or show by clear and convincing evidence that they can and will fully & successively perform their chapter 13 plan;

c) That debtors have failed to show that there has been a substantial change in their financial and personal affairs or a substantial change in their circumstances to overcome the bar to the continuance of the automatic stay in this their second bankruptcy petition within one year;

In the alternative, should the Court find that the elements necessary to allow for the continuation of the automatic stay have been complied with by debtors, that the same be conditioned as follows:

d) Require that debtors insure the 2 excavators purchased & financed by creditor, Alejandro Torres Garcia, as required under the purchase agreement & provide evidence of such coverage in both debtors and creditor as beneficiary in case of loss;

e) Require debtors to maintain the 2 excavators in good running condition by regular and periodic maintenance & repair so as to mitigate the risks of irreparable damage in the constant use & rental of the equipment in heavy construction work & file periodic maintenance reports to this creditor;

f) Require periodic adequate protection payments to creditor, Alejandro Torres Garcia in an amount of no less than $500 monthly for each excavator; and/or

g) Condition and require any other or additional and similar conditions for the protection of the excavators purchased from Alejandro Torres Garcia with a actual balance of nearly $100,000 and recently purchased at almost $150,000 ;

h) Any remedy this Court finds proper and necessary.

## NOTICE

Within five (5) days after service as evidenced by the certification, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**I hereby certify** that a copy of the foregoing document was delivered via CmECF to: Chapter 13 Trustee; U.S. Trustee and all creditors participants therein.

In Hatillo, Puerto Rico, today 11th of July 2018.

                                                    s/Melissa Cofán Hernández
                                                    **MELISSA COFÁN HERNÁNDEZ**
                                                    USDC PR #2242
                                                    PO BOX 944
                                                    DORADO, PUERTO RICO 00646
                                                    TEL (787) 640-6882
                                                    melissacofan@yahoo.com

                                                   *Attorney for Creditor, Alejandro Torres Garcia*

```
Label Matrix for local noticing         US Bankruptcy Court District of P.R.   ALEJANDRO TORRES GARCIA
0104-3                                  Jose V Toledo Fed Bldg & US Courthouse P.O. BOX 158
Case 18-03391-ESL13                     300 Recinto Sur Street, Room 109       Hatillo, PR 00659-0158
District of Puerto Rico                 San Juan, PR 00901-1964
Old San Juan
Wed Jul 11 16:50:01 AST 2018

Alejandro Torres Garcia                 LCDO. SIXTO ROMAN TORRES               LIBERTY CABLEVISION DE PUERTO RICO
12 calle Yaguez Hatillo PR 00659        APARTADO 2420                          P.O. BOX 192296
                                        Arecibo, PR 00613-2420                 San Juan, PR 00919-2296


PR TELEPHONE CO                         TRANSPORTE BOLET INC.                  ALEJANDRO OLIVERAS RIVERA
P.O. BOX 70367                          PO BOX 785                             ALEJANDRO OLIVERAS CHAPTER 13 TRUS
San Juan, PR 00936-8367                 Vega Baja, PR 00694-0785               PO BOX 9024062
                                                                               SAN JUAN, PR 00902-4062


ALEJANDRO TORRES GARCIA                 CARMEN LOURDES ALVARADO TORRES         JOHANNE A CORTES TORRES
CALLE YAGUEZ #12                        BRISAS DE TORTUGUERO                   CORTES LAW OFFICE
HATILLO, PR 00659-2416                  CALLE RIO GRANDE NUMERO 16             3999 CARR. 2
                                        VEGA BAJA, PR 00693-9817               VEGA BAJA, PR 00693-4281


JOSE ALBERTO RODRIGUEZ ROSA             MONSITA LECAROZ ARRIBAS                End of Label Matrix
BRISAS DE TORTUGUERO                    OFFICE OF THE US TRUSTEE (UST)         Mailable recipients    13
CALLE RIO GRANDE NUMERO 16              OCHOA BUILDING                         Bypassed recipients     0
VEGA BAJA, PR 00693-9817                500 TANCA STREET  SUITE 301            Total                  13
                                        SAN JUAN, PR 00901
```