UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NUMBER: **18-03391** |
| JOSE ALBERTO RODRIGUEZ ROSA<br>CARMEN LOURDES ALVARADO TORRES<br>DEBTOR(S) | CHAPTER 13 |

**REPLY TO OPPOSITION FILED BY CREDITOR
ALEJANDRO TORRES GARCIA**
(DOCKET ENTRY #18)

TO THE HONORABLE COURT:

COMES NOW, JOSE ALBERTO RODRIGUEZ ROSA and CARMEN LOURDES ALVARADO TORRES, debtors in the present case, through the undersigned counsel, states and prays as follows:

1. Creditor Alejandro Torres Garcia filed an opposition to debtors motion for continuance of the Automatic Stay. (Docket Entry #18)

2. Debtors filed for relief under 13 on JUNE 15, 2018.

3. The debtor filed a previous Chapter 13 bankruptcy case on NOVEMBER 1, 2017; dismissed on January 17, 2018. (Case Number 17-06710)

4. At the time of dismissal there were no pending motion for relief pending, nor any other motion.

5. In the previous case, after filing debtor could not continue with the process because Hurricane Maria caused damages to debtors business which is debtors only source of income and because debtor had problem with the business permits. All this problems didn't permit debtors to cooperate adequately in the previous bankruptcy case and to provide the complete information.

6. Debtor filed a timely motion for continuance of the Automatic Stay on June 15, 2018 (Docket Entry #6).

7. Debtor has resolve all issues regarding the company and is now taking advantage of all the amount of work, since his permits were renovated.

8. The filing of a Bankruptcy petition creates and estate consisting of "all legal and equitable interest of the debtor in property as of commencement of the case" [1]

9. Section (c) (3) which terminates the stay on the 30th day after the filing of a debtors second bankruptcy petition terminates the stay ONLY with regard to the debtor and property of the debtor, NOT with regard to property of the estate. [2] As to this date both excavators are property of the estate and as such are protected by the automatic stay.

10. The majority of courts holds that when a debtor has had a prior case dismissed within one year of filing, the automatic stay terminates thirty days after the second petition is filed as to the debtor and and the debtor property only. [3] The stay continues to protect the property of the estate. [4]

11. The 11 U.S.C. Section 362 (c) (3) (A) limits the applicability of the automatic stay as to debtors who file a second petition after their first petition had been dismissed within the previous year. The statue reads,

(3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13 and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other that Chapter 7 after dismissal under section 707 (b)-
    (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
    (B) on the motion of a party in interest of continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any and all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.

12. The majority interpretation finds the phrase "with respect to the debtor" to the both critical and unambiguous, and concludes that on the 30th day after the petition date, the automatic stay terminates only with respect to the debtors and the debtor's property, but not as to property of the estate. *In re Jumpp,* which held that 362 (c) (3) (A) operates to terminate the automatic stay only as to actions against the debtor personally and his non-estate property, and that the stay remains in effect as to the property of the bankruptcy estate.

13. The language "with respect to the debtor" could not be any clearer. See, Jumpp 356 B.R. at 796 (finding that the phrase "with respect to the debtor" is unambiguous); Holcomb, 380 B.R. at 815 (finding no ambiguity in the language of

---

[1] 11 U.S.C. Sec 541 (a) (1) 2006
[2] In re Jumpp 356 B.R. 789 (1st Cir BAP 2006)
[3] In re Holcomb 380 B.R. at 816; In re Jumpp 356 B.R. at 796-797; In re Jones 339 B.R. at 365
[4] In re Holcomb 380 B.R. at 815-816; In re Jumpp 356 B.R. at 796-797; In re Jones 339 B.R. at 365

2

section 362 (c) (3) (A); Weil, 2013 WL 1798898 ("In my view, the majority interpretation better comports with principles of statutory construction. Section 362 (c) (3) (A) is nonetheless unambiguous: barring an extension, the automatic stay only terminates "with respect to the debtor" thirty days after filing a successive petition.") Thus courts, adhering to the majority view find it clear from the plain language of section 362 (c) (3) (A) that the stay that automatically terminates under that section is not the stay that protects property of the estate.

14. Given the wording and categorization found in section 362 (a), termination of the stay with respect to the debtor means that: suits against the debtor can commence or continue post-petition because section 362 (a) (1) is no longer applicable; judgements may be enforced against the debtor, in spite of section 362 (a) (2); collection actions may be created, perfected and enforced regardless of section 362 (a) (5).

15. Debtor filed the second petition in good faith, to organize his finances because his business, has recuperated from the losses generated by Hurricane Maria and the companies permit issues are resolved.

16. Also the two heavy machinery purchased from creditor Mr. Alejandro Torres Garcia by debtors, are used in the business and are needed for the continuation of the work in the company.

17. In order for business to continue blooming, both machines are extremely necessary and are continuingly being used in the business.

18. Before the hurricane struck Puerto Rico and the issues with the working permits started, debtors had paid Mr. Alejandro Torres Garcia as agreed and were never in default.

19. Debtors want to pay Mr. Alejandro Torres Garcia and all of his creditors in an orderly manner trough the Chapter 13 bankruptcy case in order to retain the property of the estate.

20. Presently, the debtor filed a new bankruptcy petition under Chapter 13 in order to obtain the relief that offers the Bankruptcy Law.

21. The debtor is committed to comply with the requirements of this Honorable Court and the Chapter 13 Trustee and to give adequate protection to secured creditor Alejandro Torres Garcia.

22. Debtor will be filing a new Chapter 13 plan that will provide adequate protection to secured creditor Alejandro Torres Garcia, and will provide insurance for both excavators as required by law. We inform that both excavators are in good condition and are being well maintained since they are being used daily in the company.

23. Debtors request to this Honorable Court to extend automatic stay of this case as to all creditors as it would normally be in effect. The stay will not impact negatively creditors because bankruptcy payments are being made, guaranteeing that once the plan is confirmed Trustee will disburse payments to secured creditors and pay to the unsecured creditors the case liquidation value.

WHEREFORE, It is requested that the Court grant this motion and continue the automatic stay under 11 U. S. C. §362(a) without restriction as provided for under this section.

NOTICE is hereby given to parties in interests that unless a reply in opposition to the a fore stated Motion is filed in writing before the Bankruptcy Court within eleven (11) days, the motion will be granted. If any objection is filed, this Honorable Court will schedule a hearing to discuss this matter.

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

**I HEREBY CERTIFY that a copy of the foregoing document was delivered via CM/ECF to: Chapter 13 Trustee; U.S. Trustee and all creditors participants therein.**

RESPECTFULLY IS SUBMITTED.

In Vega Baja, Puerto Rico, this 13 day of July of 2018.

/s/**JOHANNE A. CORTES TORRES**
Attorney for Debtor
USDC PR 301011
3999 CARR. 2
Vega Baja, Puerto Rico 00693-4133
Tels. 787-965-7027
lcdajohannecortes@gmail.com

4